THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Francis J.
 Bolds, Jr., Appellant,
 
 
 
 
 

v.

 
 
 
 UTI Integrated
 Logistics, Inc., and American Home Assurance Company, Defendants,
 Of Whom UTI
 Integrated Logistics, Inc., is the, Respondent.
 
 
 

Appeal From the Appellate Panel

Unpublished Opinion No. 2011-UP-162 
 Submitted April 1, 2011 Filed April 13,
 2011
 Withdrawn, Substituted and Refiled June 2,
2011

AFFIRMED

 
 
 
 John S. Nichols and Blake A. Hewitt, both of
 Columbia; and Kenneth W. Harrell, of North Charleston, for Appellant.
 Stephen L. Brown, Catherine H. Chase, and E.
 Courtney Gruber, all of Charleston, for Respondent.
 
 
 

PER CURIAM: Francis J. Bolds, Jr. appeals the single scheduled
 benefits award for a twenty percent permanent partial disability to his back by
 the Appellate Panel of the South Carolina Workers' Compensation Commission (the
 Appellate Panel). On appeal, Bolds argues the Appellate Panel erred in denying
 him a general disability award because his back injury affected other parts of
 his body. We affirm.[1] 
Three types of disability
 exist under the South Carolina Workers' Compensation Act (the Act): total disability, partial
 disability, and scheduled disability. Wigfall v. Tideland Utils., Inc.,  354 S.C. 100, 105, 580 S.E.2d 100,
 102 (2003). "A claimant may obtain total disability in one of three
 ways under [section] 42-9-10." Id. "First, a claimant may be presumptively totally
 disabled" by showing "a physical injury enumerated
 in [section] 42-9-10." Id. "Second, a claimant may establish total disability under [section]
 42-9-10 by showing an injury, which is not a [section] 42-9-30 scheduled injury,
 caused sufficient loss of earning capacity to render him totally disabled." Id. "Third, a claimant may establish total disability through
 multiple physical injuries." Id. at
 106, 580 S.E.2d at 103. 
A claimant is precluded from general disability and
 limited to compensation for a scheduled disability "[w]here
 the injury is confined to the scheduled member, and there is no impairment of
 any other part of the body because of such injury . . . even though other
 considerations such as age, lack of training, or other conditions peculiar to
 the individual, effect a total or partial industrial incapacity." Singleton
 v. Young Lumber Co.,  236 S.C. 454, 471, 114 S.E.2d 837,
 845 (1960). However, an exception permits compensation for a general
 disability when a claimant can "show that some other part of his body is affected" by the
 scheduled injury. Id. For the purposes of the Act, impairment encompasses a physical deficiency. Wigfall, 
 354 S.C. at 104, 580 S.E.2d at 102. In South Carolina, the "situs of injury" test governs the determination of scheduled recovery benefits. Therrell v. Jerry's Inc., 370 S.C. 22, 28, 633 S.E.2d 893, 896 (2006). "[T]he 'situs of the injury' approach focuses on the
 injured body part in determining how the injury is properly compensated." Id. at 27, 633 S.E.2d at 896. 
 Here, the Appellate Panel did not
 err in denying Bolds's claim for general disability and finding Bolds's back
 injury was confined to a single scheduled member. Although evidence was
 presented showing that Bolds's back injury affected other parts of his body, evidence
 also existed showing that Bolds's back injury did not result in additional
 physical deficiencies. See Singleton,  236 S.C. at 471, 114
 S.E.2d at 845 (finding an injury will be confined to a scheduled member award unless
 an impairment of another part of the body exists); see also Wigfall, 354
 S.C. at 104, 580 S.E.2d at 102 (noting for the purposes of the Act, impairment encompasses a physical deficiency). Dr. Patel, Dr. Ahearn, and Dr. Stovall agreed that
 Bolds's back injury caused radiculopathy[2] in his left arm and right leg. However, Dr. Patel, Dr. Ahearn, and Dr. Stovall
 noted Bolds did not suffer from any additional physical deficiencies from this
 injury. Their reports indicated Bolds's arms and legs had normal muscle
 strength and tone. They also found Bolds had a good range of motion in his arms
 and legs as well as a normal gait. Accordingly, we find substantial evidence
 supports the Appellate Panel decision to award a scheduled member award.[3] 
For the foregoing reasons, the decision of the Appellate Panel is 
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] "Radiculopathy refers to any disease that
 affects the spinal nerve roots." Medline Plus, http://www.nlm.nih.gov/medlineplus/ency/article/000442.htm
 (last visited May 18, 2011). 
[3] Additionally, Bolds's argument regarding the
 Appellate Panel's application of Therrell is without merit. The
 Appellate Panel did not improperly apply Therrell's situs of injury test
 as the reason for declining to award general disability. Instead, in making its
 ruling, the Appellate Panel found Bolds's back injury was the only permanent
 injury for which he suffered.